# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

| | | |
|---|---|---|
| **ROBERT L. SOUTHALL** | : | Case No. 1:21-cv-529 |
| 559 Kilgore Court | : | |
| Cincinnati, OH 45246 | : | Judge |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | **COMPLAINT WITH JURY** |
| | : | **DEMAND** |
| **FORD MOTOR COMPANY** | : | |
| 3000 East Sharon Road | : | |
| Sharonville, OH 45241 | : | |
| | : | |
| Defendant. | : | |
| | : | |
| Also Serve: | : | |
| Ford Motor Company | : | |
| c/o CT CORPORATION SYSTEM, | : | |
| its statutory agent | : | |
| 4400 Easton Commons Way, Suite 125 | : | |
| Columbus, OH 43219 | : | |

Plaintiff Robert L. Southall, for his Complaint against Defendant Ford Motor Company, states as follows:

## PARTIES

1. Plaintiff Robert L. Southall ("Mr. Southall" or "Plaintiff") is a citizen and resident of the state of Ohio.

2. Defendant Ford Motor Company ("Ford" or "Defendant") upon information and belief, is a Delaware corporation operating in the state of Ohio and does business in Hamilton County, Ohio. Defendant is an "employer" within the meaning of federal and Ohio law.

## JURISDICTION AND VENUE

3. This Court has jurisdiction over Counts I, III and V pursuant to 28 U.S.C. § 1331 because these Counts arise under three federal statutes: Title VII of the Civil Rights Act, the Age Discrimination in Employment Act, and the Americans with Disabilities Act.

4. This Court has supplemental jurisdiction over the state law claims in Counts II, IV and VI pursuant to 28 U.S.C. § 1367 on the grounds that these Counts are so related to the federal claims over which this Court has original jurisdiction that they form the same case or controversy.

5. This Court has personal jurisdiction over Ford because it conducts business in and is located in Hamilton County, Ohio.

6. Venue is proper in this Court because Ford is located in Hamilton County, Ohio and the conduct giving rise to Plaintiff's claims occurred in Hamilton County, Ohio.

7. On May 20, 2021, the Equal Employment Opportunity Commission issued a Notice of Right to Sue Letter, later sent to Plaintiff and received within a few days thereafter, stemming from Plaintiff's previously filing a charge against Ford with the EEOC alleging unlawful discrimination based upon race, age, and disability. A copy of that letter is attached as Exhibit A, and Plaintiff brings this lawsuit within the time-frame described in that letter.

## FACTUAL ALLEGATIONS

8. Plaintiff is African American.

9. Plaintiff is 73 years old.

10. Plaintiff began his employment with Ford 42 years ago in 1978. He was a Production Supervisor at Ford's Transmission Plant at 3000 East Sharon Road in Sharonville, Ohio.

11. At all relevant times, Plaintiff was qualified for his position and was a loyal,

diligent, and dedicated employee.

12. The relevant events arose shortly after Ford's Sharonville plant was shut down March 19, 2020 through May 11, 2020 due to concerns about the COVID-19 pandemic.

13. Plaintiff returned to work when Ford's Sharonville plant reopened. He often worked a seven-day workweek.

14. On approximately June 12, 2020, Plaintiff experienced what he believed to be a food poisoning reaction after eating at a local restaurant. He sought care from his doctor on June 15, 2020 for his symptoms.

15. Plaintiff's doctor's office advised him to be tested for COVID-19. On June 15, 2020, Plaintiff's COVID-19 test came back positive.

16. Plaintiff immediately informed his supervisor at Ford of his positive test results. Plaintiff was then sent home from work.

17. On July 6, 2020, Plaintiff was called into work and terminated.

18. Upon information and belief, other substantially younger, Caucasian employees who tested positive for COVID-19 were not only not terminated, but allowed to continue to work at the plant.

19. Ford replaced Plaintiff with a substantially younger, Caucasian employee, Mike Ross, who was not perceived by Ford to be disabled.

## COUNT I

**(Race Discrimination in Violation of Title VII of the Civil Rights Act)**

20. Plaintiff realleges the foregoing paragraphs as if fully rewritten herein.

21. Plaintiff is African American.

22. Plaintiff was qualified for his position at all relevant times.

23. Ford treated Plaintiff substantially worse than similarly situated Caucasian employees by discharging him after his positive COVID-19 test and allowing other Caucasian employees who tested positive for COVID-19 to continue working.

24. Ford discharged Plaintiff based upon his race in violation of Title VII of the Civil Rights Act.

25. Ford's termination of Plaintiff permitted the hiring and/or retention of Caucasian employees.

26. Ford engages in a pattern and practice of race discrimination.

27. Ford's actions were intentional, willful, wanton, and malicious in nature.

28. As a direct and proximate result of Ford's unlawful discriminatory conduct, Plaintiff has suffered injury and damages for which he is entitled to recovery under Title VII of the Civil Rights Act.

## COUNT II

### (Race Discrimination in Violation of O.R.C. Chapter 4112)

29. Plaintiff realleges the foregoing paragraphs as if fully rewritten herein.

30. Plaintiff is African American.

31. Plaintiff was qualified for his position at all relevant times.

32. Ford treated Plaintiff substantially worse than similarly situated Caucasian employees by discharging him after his positive COVID-19 test and allowing other Caucasian employees who tested positive for COVID-19 to continue working.

33. Ford discharged Plaintiff based upon his race in violation of Chapter 4112 of the Ohio Revised Code.

34. Ford's termination of Plaintiff permitted the hiring and/or retention of Caucasian employees.

35. Ford engages in a pattern and practice of race discrimination.

36. Ford's actions were intentional, willful, wanton, and malicious in nature.

37. As a direct and proximate result of Ford's unlawful discriminatory conduct, Plaintiff has suffered injury and damages for which he is entitled to recovery under Chapter 4112 of the Ohio Revised Code.

## COUNT III

### (Age Discrimination and Retaliation in Violation of the Age Discrimination in Employment Act ("ADEA"))

38. Plaintiff realleges the foregoing paragraphs as if fully rewritten herein.

39. Plaintiff was over 40 years old at the time of his termination and was fully qualified for the position he held.

40. Defendant's termination of Plaintiff permitted the hiring and/or retention of substantially younger, less qualified employees.

41. Defendant terminated Plaintiff because of his age in violation of the ADEA.

42. Defendant's conduct in terminating Plaintiff was intentional, malicious, and in reckless disregard of Plaintiff's legal rights.

43. As a direct and proximate result of Defendant's unlawful discriminatory conduct, Plaintiff has suffered injury and damages for which he is entitled to recovery.

## COUNT IV

### (Age Discrimination in Violation of Ohio Revised Code Chapter 4112)

44. Plaintiff realleges the foregoing paragraphs as if fully rewritten herein.

5

45. Plaintiff was over 40 years old at the time of his termination and was fully qualified for the position he held.

46. Defendant's termination of Plaintiff permitted the hiring and/or retention of substantially younger, less qualified employees.

47. Defendant terminated Plaintiff because of his age in violation of Ohio Revised Code Chapter 4112.

48. Defendant's conduct in terminating Plaintiff was intentional, malicious, and in reckless disregard of Plaintiff's legal rights.

49. As a direct and proximate result of Defendant's unlawful discriminatory conduct, Plaintiff has suffered injury and damages for which he is entitled to recovery.

## COUNT V

### (Discrimination in Violation of the ADA 42 U.S.C. § 12101, et seq.)

50. Plaintiff realleges the foregoing paragraphs as if fully rewritten herein.

51. Plaintiff, having COVID-19, suffered from a disability recognized under 42 U.S.C. § 12101, et seq., the Americans with Disabilities Act ("ADA"). Alternatively, Ford perceived Plaintiff as having a disability under the ADA due to his positive COVID-19 test.

52. Plaintiff was qualified for his position at all relevant times.

53. Ford terminated Plaintiff's employment based upon his disability and/or because it perceived him as having a disability in violation of the ADA.

54. Ford's actions were willful, wanton, malicious, and/or in reckless disregard of Plaintiff's rights.

55. As a direct and proximate result of Ford's unlawful discriminatory conduct, Plaintiff has been injured and is entitled to recovery.

## COUNT VI

**(Disability Discrimination - O.R.C. Chapter 4112)**

56. Plaintiff realleges the foregoing paragraphs as if fully rewritten herein.

57. Plaintiff, having COVID-19, suffered from a disability recognized under Ohio Revised Code Chapter 4112. Alternatively, Ford perceived Plaintiff as having a disability recognized under applicable Ohio law due to his positive COVID-19 test.

58. Plaintiff was qualified for his position at all relevant times.

59. Ford terminated Plaintiff's employment based upon his disability and/or because it perceived him as having a disability in violation of O.R.C. § 4112.02.

60. Ford's actions were willful, wanton, malicious, and/or in reckless disregard of Plaintiff's rights.

61. As a direct and proximate result of Ford's unlawful discriminatory conduct, Plaintiff has been injured and is entitled to recovery.

**WHEREFORE**, Plaintiff Robert L. Southall demands judgment as follows:

(a) That Ford be enjoined from further unlawful conduct as described in the Complaint;

(b) That Plaintiff be reinstated;

(c) That Plaintiff be awarded compensatory damages including emotional distress and damages stemming from the loss of his health insurance coverage;

(d) That Plaintiff be awarded all lost pay and benefits;

(e) That Plaintiff be awarded punitive damages;

(f) That this Court determines that Plaintiff had a disability pursuant to Ohio law;

(g) That Plaintiff be awarded liquidated damages;

(h) That Plaintiff be awarded pre-judgment interest;

(i) That Plaintiff be awarded reasonable attorneys' fees; and

(j) That Plaintiff be awarded all other legal and equitable relief to which he may be entitled.

Respectfully submitted,

/s/ David A. Eberly
David A. Eberly (0067007)
Eberly McMahon Copetas LLC
2245 Gilbert Ave. Suite 101
Cincinnati, OH 45206
513-533-9898
513-533-3554 Fax
deberly@emclawyers.com
Counsel for Plaintiff Robert L. Southall

## **JURY DEMAND**

Plaintiff hereby demands a trial by jury on all issues so triable.

EEOC Form 161 (11/2020)     **U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

**EXHIBIT A**

## DISMISSAL AND NOTICE OF RIGHTS

| To: | Robert L. Southall, Sr.<br>669 Hillgrove Ct<br>Springdale, OH 45246 | From: | Cincinnati Area Office<br>John W. Peck Fed. Bldg<br>550 Main Street, Suite 10-191<br>Cincinnati, OH 45202 |
|---|---|---|---|

[ ] *On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a))*

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 473-2020-01681 | Daniel F. Williams, Investigator | (513) 914-6015 |

**THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:**

[ ] The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

[ ] Your allegations did not involve a disability as defined by the Americans With Disabilities Act.

[ ] The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

[ ] Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge

[X] The EEOC issues the following determination: The EEOC will not proceed further with its investigation, and makes no determination about whether further investigation would establish violations of the statute. This does not mean the claims have no merit. This determination does not certify that the respondent is in compliance with the statutes. The EEOC makes no finding as to the merits of any other issues that might be construed as having been raised by this charge.

[ ] The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

[ ] Other *(briefly state)*

### - NOTICE OF SUIT RIGHTS -
*(See the additional information attached to this form.)*

**Title VII, the Americans with Disabilities Act, the Genetic Information Nondiscrimination Act, or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit **must be filed WITHIN 90 DAYS of your receipt of this notice**; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years) before you file suit may not be collectible.**

On behalf of the Commission

Ramiro Gutierrez / dfw    Digitally signed by Ramiro Gutierrez/dfw    05/20/2021
Date: 2021.05.17 07:26:48 -04'00'

Enclosures(s)     **Ramiro Gutierrez, Area Office Director**     *(Date Issued)*

cc:
Katherine Baker
COE Specialist - People Matters
FORD MOTOR COMPANY
World Headquarters
The American Road 123-A6
Dearborn, MI 48126

Katherine Smith
GIBSON, DUNN & CRUTCHER LLP
333 South Grand Avenue
Los Angeles, CA 90071